

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
WILL WILSON
ATTORNEY GENERAL

Honorable Jean Day
County Attorney
County of Henderson
Athens, Texas

Dear Sir:

ATTN: W. R. Thomas, Assistant County
Attorney

Opinion No. O-6520

Re: What constitutes a homestead for
taxation purposes

We have your letter of recent date requesting an opinion on the above-captioned subject. Your letter reads in part as follows:

"A taxpayer owns a lot in the town of Athens on which his residence, a nice brick structure, is located. He owns two other lots neither of which adjoins the lot on which his residence is located, both lots adjoining each other but being something more than 100 feet from the lot on which his residence is located. On one of these lots or tracts he has seven tenant houses and on the other lot or tracts he has two tenant houses. This taxpayer persists in rendering the whole as his homestead and all at a low rendition.

"Can he claim all these lots and tracts as his homestead or is he limited to the tract on which his residence is located as his homestead for taxable purposes?"

Section 51 of Article XVI of the Constitution provides in part:

". . .; the homestead in a city, town or village, shall consist of lot, or lots, not to exceed in value five thousand dollars, at the time of their designation as the homestead, without reference to the value of any improvements thereon; provided, that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the head

of a family; provided also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired."

Based upon the facts submitted with your request, you are advised that it is the opinion of this Department that only the lot upon which the owner has his residence in which he and his family reside constitutes his residence homestead.

Our conclusion is based upon the case of Mays v. Mays, 43 S.W. (2) 148, writ of error refused, and authorities there cited. The facts in that case are very similar to the facts stated in your request. John Mays, during his lifetime, owned lots Numbers 1 to 14, inclusive, in Block No. 10 of the Blackshear Addition to the town of Jasper, in Jasper County, Texas. When he married he established his homestead on these fourteen lots, having his residence on lot No. 1, which adjoined lots Numbers 2 to 14, inclusive. These lots were all contiguous and their combined value, exclusive of improvements, was less than Five Thousand Dollars($5,000.00). There were nine tenant houses situated on lots Numbers 2 to 14, inclusive, and one tenant house on lot No. 1, the same lot on which John Mays and his wife resided, occupying a space 75 x 120 feet. The ten tenant houses were continually rented by John Mays, and the proceeds used by him for the support of his family. After the death of John Mays, his widow sought to have all of the fourteen lots set aside as her homestead.

The trial court entered judgment setting aside as a homestead for Mrs. Mays all of lot No. 1 in Block No. 10 on which the residence was situated, except a space 75 x 120 feet on which the tenant house was situated. The judgment was affirmed.

Trusting this fully answers your inquiry, we are,

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By: s/ H.T. (Bob) Donahue
      H.T. (Bob) Donahue
      Assistant

HTBD:JCP:wc

APPROVED AUG 15, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee
By s/BWB Chairman